John A. Conkle (SB# 117849)
 j.conkle@conklelaw.com
Amanda R. Washton (SB#227541)
 a.washton@conklelaw.com
Desiree J. Ho (SB# 313250)
 d.ho@conklelaw.com
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendant Flying Food Group, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS YAMIDO, MARK SIBAYAN and THELMA YAMIDO, on behalf of themselves, others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>FLYING FOOD GROUP, LLC and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 3:19-cv-344<br><br>**DEFENDANT FLYING FOOD GROUP, LLC'S NOTICE OF REMOVAL**<br><br>San Mateo Superior Court, Case No. 18CIV06696<br><br>Action Filed:   December 14, 2018<br>Trial Date:       None |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Flying Food Group, LLC ("Defendant" or "FFG"), by and through its counsel, remove to this Court the action entitled *Elias Yamido, Mark Sibayan, and Thelma Yamido v. Flying Food Group, LLC* ("Action"), Case No. 18CIV06696, which was originally filed in the Superior Court of the State of California for the County of San Mateo.

## I.  INTRODUCTION

Removal is proper because this putative class action meets the jurisdictional requirements under the Class Action Fairness Act of 2005 ("CAFA").  The Action involves an amount in controversy exceeding $5,000,000, asserts a putative class consisting of more than 100 members, and is between citizens of different states.

Defendant's filing of this Notice of Removal is in no way a concession or an assessment of its liability in this Action.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).  Defendant disputes its liability as to all claims in any amount raised by Plaintiffs Elias Yamido, Mark Sibayan, and Thelma Yamido (collectively "Plaintiffs") and/or any putative class member.  Defendant further disputes that Plaintiffs and/or any member of the putative class suffered any injury or incurred damages as a result of Defendant's acts.  Defendant further disputes that Plaintiffs, any putative class member, or their attorneys are entitled to any relief, including but not limited to compensatory or consequential damages, civil penalties, punitive damages, attorney's fees, prejudgment interest, or injunctive relief.  Defendant hereby reserves the right to contest the legal sufficiency of the claims raised in this Action, and the right to raise any other defenses.

## II. THE FILING OF THIS NOTICE OF REMOVAL IS TIMELY

On December 14, 2018, Plaintiffs Elias Yamido, Mark Sibayan, and Thelma Yamido filed a Complaint on behalf of a putative class alleging wage and hour violations in the Superior Court of the State of California for the County of San Mateo as *Elias Yamido, Mark Sibayan, and Thelma Yamido v. Flying Food Group, LLC,* Case No. 18CIV06696. (Declaration of John A. Conkle In Support of Defendant Flying Food Group, LLC's Notice of Removal ("Conkle Decl.") at ¶ 2.) Defendant was served with the Summons and Complaint on December 20, 2018. (*Id*.)

Under 28 U.S.C. § 1446(b)(1), Defendant must remove the Action within thirty days of service, or on or before January 21, 2019. The filing of this Notice of Removal is therefore timely. Under 28 U.S.C. § 1446(a), Defendant need only provide a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." In compliance with 28 U.S.C. § 1446(a), Defendant attaches a copy of all process, pleadings, and orders served upon it as **Exhibit A**, and sets forth the grounds for removal below. (*Id*.) While Defendant was not served with additional documents that have been filed in the Superior Court of the State of California in the County of San Mateo, Defendant attaches a copy of these documents as **Exhibit B**. (*Id.* at ¶ 3.)

Following the filing of this Notice of Removal, Defendant will also promptly serve a copy of this Notice of Removal to Plaintiffs' counsel and file a copy of the Notice with the Clerk of the Superior Court of the State of California for the County of San Mateo. 28 U.S.C. § 1446(d). (*Id.* at ¶ 4.)

## III. CLASS ACTION ALLEGATIONS

Plaintiffs bring this action on behalf of themselves and a putative class of similarly situated employees, defined as:

> All current and former hourly or non-exempt employees of DEFENDANTS who worked in the State of California at any time from four (4) years preceding the date of filing of this action through the entry of final judgment in this action ('Class Period").

(Ex. A, Complaint at 3:20-28.) The Complaint further specifies that "PLAINTIFFS and putative class members are current or former employees assigned to different departments at DEFENDANTS' location at 810 Malcolm Road, Burlingame, CA 94014 ('Malcolm Rd. location')." (Ex. A, Complaint at ¶ 22.) Defendant refers to this facility as the "SFO Facility."

The Complaint alleges that Defendant uses a rounding policy that results in underpayment of wages to the putative class, that its workplace practices do not allow the putative class to take timely meal periods and rest breaks, that it does not provide putative class members with seating in the food production area when they are completing their "hectic" work assignments, and that putative class members terminated from employment do not receive all wages owed at termination. (Ex. A, Complaint at ¶¶ 28-35.) The Complaint brings ten causes of action for: 1) unpaid wages; 2) unpaid overtime compensation; 3) failure to pay compensation for meal period violations; 4) failure to pay compensation for rest period violations; 5) wage statement violations; 6) failure to provide sick days; 7) failure to reasonably permit use of seats; 8) waiting time penalties; 9) civil penalties pursuant to Private Attorneys General Act; and 10) unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.* (Ex. A, Complaint at ¶¶ 36-99.)

Plaintiffs seek relief in the form of an order certifying the proposed class, compensatory and consequential damages, award of unpaid wages and overtime compensation, meal period and rest break premiums, an order that Defendant shows cause as to why it should not be enjoined, unpaid sick days, civil penalties, statutory damages and penalties, restitution, an injunction against unfair business practices,

prejudgment interest, and reasonable attorneys' fees and costs.  (Ex. A, Complaint, Prayer for Relief.)

## IV. THIS CLASS ACTION SATISFIES THE JURISDICTIONAL PREREQUISITES FOR REMOVAL UNDER CAFA

Defendant may remove this Action under 28 U.S.C. § 1446(a) by providing a "short and plain statement of the grounds for removal…."  Defendant's removal allegations should be construed liberally.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Under CAFA, a district court has original jurisdiction over a civil action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant[,]" and is a class action with at least 100 putative class members.  28 U.S.C. §§ 1332(d)(2), (5)(B).  This Action meets each of these prerequisites.

### A. THERE ARE OVER 100 MEMBERS IN THE PUTATIVE CLASS

A class action may be removed under CAFA if the number of members of all proposed plaintiff classes in the aggregate is more than 100.  28 U.S.C. § 1332(d)(5)(B).  Plaintiffs allege that "there are over 500 employees working for DEFENDANTS, more than half in California." (Ex. A, Complaint at ¶ 12.)  Because the putative class consists of more than 100 members, this Action meets the jurisdictional prerequisite under 28 U.S.C. § 1332(d)(5)(B).

1020.031\9990                                    -5-                              Case No. 3:19-cv-344
DEFENDANT FLYING FOOD GROUP. LLC'S NOTICE OF REMOVAL

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

When a class action is removed under CAFA, the district court can exercise original jurisdiction over the action when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2).

Although Defendant disputes any liability as to Plaintiffs' claims, and disputes that Plaintiffs and/or the putative class suffered any injury or incurred damages, the amount in controversy raised by the claims asserted in the class action Complaint, in the aggregate, exceed $5,000,000, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.,* 627 F. 3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.")

To meet this jurisdictional requirement, under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554 ("By borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history indicates, Congress intended to clarify that courts should 'apply the same liberal rules [to removal allegations as] to other matters of pleading. … The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith.'" (citation omitted)).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. … The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001

(C.D. Cal. 2002), *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F. 3d 394, 399 (2d Cir. 2003)).  See also *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (unpublished) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.2002)); *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (unpublished).

To meet the amount in controversy threshold when a complaint fails to specify the amount of damages sought, a defendant need only show that "it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F. 3d 676, 683 (9th Cir. 2006) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996)) (quotations omitted).  Here, Plaintiffs seek relief in the form of damages, attorney's fees, injunctive relief, and more, but do not set forth a numerical sum of money sought.

In the Complaint, Plaintiffs bring ten causes of action.  Plaintiffs contend that the putative class is entitled to waiting time penalties under California Labor Code § 203. While Defendant denies the factual allegations pertaining to Plaintiffs' waiting time penalties claim, for purposes of this Notice of Removal, Defendant estimates that the average hourly rate for the putative class at the SFO Facility was approximately $15.97 in 2016, $17.28 in 2017, and $18.59 in 2018.  (Declaration of Laura Bland in Support of Defendant Flying Food Group, LLC's Notice of Removal ("Bland Decl.") at ¶ 5.) Defendant estimates that approximately 155 employees were terminated from the SFO Facility in 2016, 130 employees were terminated from the SFO Facility in 2017, and 159 employees were terminated from the SFO Facility in 2018.  (*Id.*)  Assuming Plaintiffs' allegations are true for purposes of removal, and that the maximum statutory penalty of 30 days applies, Defendant estimates the amount in controversy for this

1  single claim is approximately $1,843,614 (In 2016: $15.97/hr * 8 hours * 30 days * 155
2  employees = $595,084; In 2017: $17.28/hr * 8 hours * 30 days * 130 employees =
3  $539,136; In 2018: $18.59/hr * 8 hours * 30 days *159 employees = $709,394).

Plaintiffs also contend that the putative class is entitled to penalties for inaccurate wage statements in the form of "$50.00 for the initial pay period in which the violation occurred and $100.00 for each violation in subsequent pay periods, pursuant to Labor Code § 226(e), up to the statutory maximum amount of $4,000.00." (Ex. A, Complaint at ¶ 59.)  As Plaintiffs note, "[t]hese damages are difficult to estimate." (Ex. A, Complaint at ¶ 59.) However, even when using conservative assumptions to estimate the amount in controversy for Plaintiffs' Section 226 claim, Defendant approximates the amount in controversy for this claim alone is nearly $1 million. *See Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (accepting estimate made "in good faith" based on "relatively conservative" figures when evaluating a motion to remand).

Here, while Defendant denies the factual allegations pertaining to Plaintiffs' inaccurate wage statements claim, Defendant conservatively assumes that Plaintiffs recover only $50.00 for each violation in every pay period (instead of $100.00), and estimates that the average length of service for each employee in this class period is one year (or 26 pay periods).  Defendant estimates that there are approximately 427 employees currently employed at the SFO Facility, and that approximately 159 workers were terminated in 2018. (Bland Decl. at ¶¶ 5-6.)  Based on these conservative assumptions, Defendant estimates the amount in controversy for this single claim is $761,800 ($50.00/hr * 26 pay periods * 586 former and current employees).

Plaintiffs also seek penalties for missed meal periods and rest breaks, in the form of "one additional hour of pay at the employee's regular rate of compensation for each

workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c). (*See* Ex. A, Complaint, Prayer for Relief at ¶ 4.) Again, while Defendant denies the factual allegations pertaining to Plaintiffs' meal periods and rest breaks claims, Defendant estimates that there are approximately 427 employees currently employed at the SFO Facility, and that workers at the SFO Facility work, on average, 111,020 shifts per year (427 employees * 5 shifts per week * 52 weeks per year). (Bland Decl. at ¶ 6.) Defendant therefore estimates that, in the last four years, workers at the SFO Facility have worked, on average, 444,080 shifts. To maintain a conservative estimate, Defendant applies an average meal period and rest break violation rate of 30%. *See Oda v. Gucci Am., Inc.,* 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (employer's assumption of a 50 percent violation rate for missed meal and rest breaks is reasonable). Defendant conservatively estimates that the amount in controversy for this claim is $2,208,853 (444,080 shifts * $16.58/hr * 30% violation rate).

The total amount in controversy for these three claims alone equals $4,814,267. Plaintiffs also seek to recover statutory attorneys' fees, which also must be included in calculating the amount in controversy. In the Ninth Circuit, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy." *Id. See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F. 2d 268, 273 (9th Cir. 1989) (25% of the gross fund is a proper benchmark for awarding attorney's fees in class actions). 25% of the amount in controversy estimated for these two claims is approximately $1,203,567.

Plaintiffs further seek injunctive relief and penalties for six additional causes of action, including but not limited to relief for unpaid wages and unpaid overtime compensation. The cost of compliance with an injunction must also be included in the amount in controversy calculation, which further increases Defendant's estimate. *Id.* at 793.

Because the amount in controversy for just three of the ten claims raised by Plaintiffs exceeds $5,000,000, and any estimate of damages for Plaintiff's remaining claims, costs of compliance with an injunction, and attorney's fees will serve only to increase the amount in controversy, the amount in controversy in this Action exceeds $5,000,000 and therefore meets the jurisdictional threshold under CAFA.

### C. THERE IS MINIMAL DIVERSITY

When a class action is removed under CAFA, the district court can exercise original jurisdiction over the action when "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(5)(B).

Plaintiffs Elias Yamido and Thelma Yamido are current employees who work at Defendant's SFO Facility in Burlingame, California, and Plaintiff Mark Sibayan was an employee who worked at Defendant's SFO Facility. (Ex. A, Complaint at ¶¶ 6, 22, 23, 25, 27.) On information and belief, each Plaintiff is a citizen of California.

Defendant is a limited liability company organized in Delaware with its principal place of business in Illinois. (Ex. A, Complaint at ¶ 7; Bland Decl. at ¶ 3.) Flying Food Fare, Inc., an Illinois corporation with its principal place of business in Illinois, is the sole member of Defendant Flying Food Group, LLC. (Bland Decl. at ¶ 2.) For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.

3d 894, 899 (9th Cir. 2006).  The sole member of Flying Food Group, LLC is a citizen of Illinois.

Because at least one Plaintiff is a citizen of California, Defendant's sole LLC member is not a citizen of California, and no Plaintiff is a citizen of the same state as an LLC member of Defendant, minimal diversity exists under CAFA.

## V. CONCLUSION

This Action involves an amount in controversy exceeding $5,000,000, involves a putative class consisting of more than 100 members, and is between citizens of different states.  Because Defendant timely filed this Notice of Removal and this putative class action meets the jurisdictional prerequisites under CAFA, removal is proper.

Dated:  January 18, 2019

John A. Conkle
Amanda R. Washton
Desiree J. Ho, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation


By: */s/ John A. Conkle*
John A. Conkle
Attorneys for Defendant Flying Food Group, LLC