# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FLYING FOOD GROUP, LLC and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIAS YAMIDO, MARK SIBAYAN and THELMA YAMIDO, on behalf of themselves, others similarly situated and the general public

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ENDORSED FILED**
**SAN MATEO COUNTY**

DEC 1 4 2018

Clerk of the Superior Court
By: ANTONIO R. GERONIMO
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of San Mateo, 400 County Center
Redwood City, CA 94063

CASE NUMBER:
*(Número del Caso):* **C I V 0 6 6 9 6**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arlo Uriarte, Liberation Law Group, P.C., 2760, Mission Street, San Francisco, CA 94110. (415)695-1000.

DATE: DEC 1 4 2018    **NEAL TANIGUCHI**    Clerk, by    **ANTONIO R. GERONIMO**    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

FLYING FOOD GROUP, LLC

3. ☑ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☑ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# Important Notice re: Nonrefundable Advance Jury Fees-Please Read

## DEPOSIT OF ADVANCE JURY FEES

## FREQUENTLY ASKED QUESTIONS

### (Assembly Bill 1481 (2011-2012 Reg. Sess.))

| | |
|---|---|
| Q. What is the nonrefundable jury fee? | A: At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
| Q: What are the deadlines for paying the nonrefundable jury fee? | A: The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows:<br><br>1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial.<br><br>2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint.<br><br>3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial.<br><br>4. If the party requesting a jury has not appeared before the initial case management conference, or first appeared more than 365 calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).) |
| Q: What if a party misses the deadline to pay the nonrefundable jury fee? | A: Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).)<br>Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
| Q: What if a party missed a deadline to pay the nonrefundable jury fee between June 27, 2012 and November 30, 2012? | A: If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012 or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |

| | |
|---|---|
| Q: May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | A: There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Funches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.]) Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| Q: Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | A: No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| Q: May the nonrefundable jury fee be waived because of a party's financial condition? | A: Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |
| Q: May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No. Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits." Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
| Q: If more than one party on a side pays the nonrefundable jury fee, is any refund of the additional fee due? | A: No. Code of Civil Procedure 631(b) requires "*at least* one party demanding a jury on each side" to pay the nonrefundable jury fee, "unless the fee has been paid by another party on the same side of the case." (Emphasis added.) In addition, Code of Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section. Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable. The additional fee may not be used to offset actual juror fees or mileage, either. |
| Q: Are any jury fees refundable? | A: Yes. Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

. TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063-1655
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br> ─(Amount demanded ─ (Amount demanded is $25,000 <br> exceeds $25,000) or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:              Div.:              Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint   *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| | CASE NUMBER: |
|---|---|

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

4. b. Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. Jury or nonjury trial
The party or parties request ☐ a jury trial ☐ a nonjury trial. (If more than one party, provide the name of each party requesting a jury trial):

6. Trial date
a. ☐ The trial has been set for (date):
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):
c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. Estimated length of trial
The party or parties estimate that the trial will take (check one):
a. ☐ days (specify number):
b. ☐ hours (short causes) (specify):

8. Trial representation (to be answered for each party)
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. Preference
☐ This case is entitled to preference (specify code section):

10. Alternative dispute resolution (ADR)
a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. Referral to judicial arbitration or civil action mediation (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

Page 2 of 5

CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

| PLAINTIFF/PETITIONER: | CASE NUMBER: | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**10. c.** Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form are willing to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement (name):
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other (specify):

Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
  - (1) Name of case:
  - (2) Name of court:
  - (3) Case number:
  - (4) Status:
  - ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):
  Party        Description        Date

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

17. Economic litigation
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. Other Issues
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. Meet and confer
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1.  MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

Rule 2.3   New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)    Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)    Filing and service of pleadings; exceptions.

(1)    Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)    A blank copy of the Judicial Council Case Management Statement;

(B)    A copy of Local Rule 2.3;

(C)    The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)    Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)    A blank copy of the Judicial Council Case Management Statement;

(B)    A copy of Local Rule 2.3;

(C)    The Notice of Case Management Conference.

(3)    Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)    Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)    Exceptions for longer periods of time to serve or respond:

Div II - Rules                                      202                              Revised 1/1/2012

Superior Court of California, County of San Mateo

(A)    Time to serve may be extended for good cause:  Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona).  An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired.  The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance.  In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond.  The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)   Case management conference

(1)    Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed.  (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference.  If such counsel is not

Superior Court of California, County of San Mateo

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders: At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)     An order referring the case to arbitration, mediation or other dispute resolution process;

(B)     An order transferring the case to the limited jurisdiction of the superior court;

(C)     An order assigning a trial date;

(D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)     An order scheduling the exchange of expert witness information;

(H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

(A)     Reference CRC, Rule 3.670

(B)     Procedure. Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings. A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing. Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office. There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall. CourtCall will fax confirmation of the request to parties.

(C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing. Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation. Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

Superior Court of California, County of San Mateo

(D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation). If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff. If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)     Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)     Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)     Stipulations to Arbitration

(1)     If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)     It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing*." Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)     Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)     Stipulations to Private ADR

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     ADR Program Complaint Policy. If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first. In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator. (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

Superior Court of California, County of San Mateo

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)   Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)   Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1, 2000) (Amended, effective January 1, 2003)
(Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006)
(Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)   A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)   An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)   An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)   An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4  Settlement Conference

Reference: California Rule of Court, rule 3.138.

# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

☞   *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

☞   *Cheaper* – Parties can save on attorneys' fees and litigation costs.

☞   *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

☞   *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

☞   *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

☞   *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

☞   **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

☞   **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

☞   **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

☞   **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

☞   **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use
Local Court Form ADR-CV-8   [New September, 2018]

[CA Rule of Court 3.221]
www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

o   For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94053; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC") and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063.
(650) 599-1070, (650) 363-4148 / fax: (650) 599-1754

Appropriate Dispute Resolution Information Sheet

Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-5 (New September, 2010) www.sanmateocourt.org

1 | Arlo Garcia Uriarte, SBN 231764
Un Kei Wu, SBN 270058
2 | Ernesto Sanchez, SBN 278006
Daniel P. Iannitelli, SBN 203388
3 | Jonathan S. Rebong, SBN 235683
LIBERATION LAW GROUP, P.C.
4 | 2760 Mission Street
San Francisco, CA 94110
5 | Telephone:  (415) 695-1000
Facsimile:   (415) 695-1006
6 |

7 | Attorneys for Plaintiffs
ELIAS YAMIDO, MARK SIBAYAN
8 | and THELMA YAMIDO

**ENDORSED FILED**
SAN MATEO COUNTY

DEC 1 4 2018

Clerk of the Superior Court
By: ANTONIO R. GERONIMO
Deputy Clerk

9 |

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF SAN MATEO – UNLIMITED JURISDICTION

12 | Case Number:  **18CIV06696**

13 | ELIAS YAMIDO, MARK SIBAYAN
and THELMA YAMIDO, on behalf of
14 | themselves, others similarly
situated and the general public,

15 | Plaintiffs,

16 | vs.

17 | FLYING FOOD GROUP, LLC and
DOES 1-10, inclusive,
18 |

19 | Defendants.

**CLASS ACTION COMPLAINT**

(1) **FAILURE TO PAY ALL HOURS WORKED**
(2) **FAILURE TO PAY OVERTIME COMPENSATION**
(3) **FAILURE TO PAY COMPENSATION FOR MEAL PERIOD VIOLATIONS**
(4) **FAILURE TO PAY COMPENSATION FOR REST PERIOD VIOLATIONS**
(5) **WAGE STATEMENT VIOLATIONS**
(6) **FAILURE TO PROVIDE PAID SICK DAYS**
(7) **FAILURE TO REASONABLY PERMIT USE OF SEATS**
(8) **WAITING PENALTIES**
(9) **PRIVATE ATTORNEY GENERAL ACT, CAL. LAB. CODE § 2698, ET SEQ.**
(10) **UNFAIR COMPETITION IN VIOLATION OF CAL. BUSINESS AND PROFESSIONS CODE §§ 17200, ET. SEQ.**

JURY TRIAL DEMANDED

1

Plaintiffs ELIAS YAMIDO, MARK SIBAYAN and THELMA YAMIDO (collectively, "PLAINTIFFS") submit this class complaint on behalf of themselves and on behalf of others similarly situated, as follows:

## 1. INTRODUCTION & JURISDICTION

1.     This class action is instituted for the purpose of prosecuting claims under California Labor Code ("Labor Code") §§ 201-204, 221, 223, 226.7, 246, 351 and 2698, *et seq.*, California Business and Professions Code ("Bus. & Prof. Code") §§ 17200, *et seq.*, (Unfair Practices Act), Labor Code §§2698, *et seq.* (Private Attorney General Act of 2004 or the "PAGA") and Cal. Code Regs., tit. 8, § 11050 ("Wage Order No. 5"). Wage Order No. 5 is the wage order that applies to the industry that DEFENDANTS are engaged in.

2.     This class complaint challenges systemic illegal employment practices by Defendant FLYING FOOD GROUP, LLC ("FFG") and DOES 1-10 ("DOE DEFENDANTS"), inclusive (collectively, "DEFENDANTS") resulting in violations of the Labor Code, Bus. & Prof. Code and Wage Order No. 5.

3.     PLAINTIFFS are informed and believe and based thereon allege that DEFENDANTS have engaged in among other things, a system of willful violations of the Labor Code, Bus. & Prof. Code and Wage Order No. 5 by creating and maintaining policies, practices, and customs that knowingly deny employees, such as PLAINTIFFS and putative class members: (1) wages for all hours worked; (2) overtime compensation; (3) meal periods and compensation for denied meal periods; (4) rest periods and compensation for denied rest periods; (5) accurate, itemized wage statements; (6) waiting time penalties; (7) paid sick days and (8) reasonable use of seats.

4.     Jurisdiction is proper in this Court because the alleged damages exceed $25,000.00.

5.     Venue is proper because the events and transactions which are the subject of this class action occurred in San Mateo County, State of California.

2

## II. PARTIES

6.   PLAINTIFFS are competent individuals who are current or former full-time hourly paid, non-exempt employees of DEFENDANTS.

7.   DEFENDANT FFG is a Delaware limited liability company headquartered in Chicago, Il and authorized to do business in the State of California.  FFG is in the business of airline and non-airline catering with operations in more than a dozen locations in the United States. FFG conducts business operations, and maintains 2 offices in Burlingame, CA.

8.   PLAINTIFFS are ignorant as to the true names and capacities of the defendants sued herein as DOE DEFENDANTS and therefore sue these by such fictitious names and capacities. PLAINTIFFS will seek leave of court to amend this class complaint and include the actual names of these fictitiously named DOE DEFENDANTS, if or when they are ascertained.

9.   DEFENDANTS are, at all relevant times, the employer of PLAINTIFFS who are bound by the Labor Code, the Bus. & Prof. Code and Wage Order No. 5.

10.   At all relevant times, DEFENDANTS exercise(d) direct control over the wages, hours, and working conditions of PLAINTIFFS.

11.   At all relevant times, the actions of PLAINTIFFS' supervisors, managers, and/or other employees of FFG were ratified by DEFENDANTS and that the employees, owners, supervisors, agents, and managers of FFG acted within the course and scope of their employment.

## III. CLASS ACTION ALLEGATIONS

**Definition:** PLAINTIFFS bring this action on behalf of themselves and a putative class of similarly situated employees pursuant to California Code of Civil Procedure § 382. The putative class is defined as:

> **"All current and former hourly or non-exempt employees of DEFENDANTS who worked in the State of California at any time from four (4) years preceding the date of filing of this action through the entry of final judgment in this action ("Class Period")."**

3

12. **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFFS are informed and believe that there are over 500 employees working for DEFENDANTS, more than half in California. The identity of putative class members is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to DEFENDANTS' employees using techniques and a form of notice similar to those customarily used in class action lawsuits.

13. PLAINTIFFS and putative class members were denied and are continuously being denied by DEFENDANTS compensation for: (1) all hours worked (at regular and overtime rates), (2) missed or inadequate meal periods; and (3) missed or inadequate rest periods. As a result, PLAINTIFFS and putative class members are owed all unpaid compensation plus interest and applicable penalties.

14. PLAINTIFFS and putative class members were denied and are continuously being denied by DEFENDANTS of paid sick days and reasonable use of seats which is permitted by their nature of work.

15. **Adequacy of Representation:** PLAINTIFFS are members of the putative class identified above. PLAINTIFFS do not have any known conflicts of interest with other putative class members; they will prosecute the case vigorously, not just for themselves, but for the overall benefit of the putative class. PLAINTIFFS will fairly and adequately represent and protect the interests of putative class members. PLAINTIFFS' counsel is competent and experienced in litigating wage and hour class actions.

16. **Superiority of Class Action:** A class action is superior to all other available means of fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable, and questions of law and fact common to the putative class predominate over any questions affecting only individual members of the class. DEFENDANTS' employees have been damaged and are entitled to recovery because of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual putative class members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most putative class members to seek individual redress for the

4

wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

17.    The Labor Code and Wage Order No. 5 are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic conditions and bargaining power in setting onerous terms and conditions of employment.

18.    The nature of this action and the format of laws available to PLAINTIFFS and members of the putative class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, DEFENDANT FFG, a limited liability company, would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each putative class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers.

19.    The prosecution of separate actions by individual putative class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual putative class members against the DEFENDANTS, which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual putative class members which would, as a practical matter, be dispositive of the interest of the other putative class members not parties to the adjudications or which would substantially impair or impede the ability of DEFENDANTS' aggrieved employees to protect their interests. Further, the claims of the individual members of the putative class are

5

not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

20.    **Common Question of Law and Fact:** There are questions of law and fact common to putative class members that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, but are not limited to:

a.  Whether DEFENDANTS have failed to compensate PLAINTIFFS and putative class members for all hours worked;

b.  Whether DEFENDANTS have failed to compensate PLAINTIFFS and putative class members for all hours worked at the correct overtime rates where applicable;

c.  Whether DEFENDANTS have failed to provide compensation to PLAINTIFFS and putative class members who were not provided meal periods in accordance with applicable law;

d.  Whether DEFENDANTS have failed to provide compensation to PLAINTIFFS and putative class members who were not provided rest periods in accordance with applicable law;

e.  Whether DEFENDANTS have provided accurate and lawful wage statements to PLAINTIFFS and putative class members or have failed to do so because of the violations alleged herein;

f.  Whether DEFENDANTS failed to provide PLAINTIFFS and putative class members paid sick days;

g.  Whether DEFENDANTS failed to reasonably permit use of seats to PLAINTIFF Thelma Yamido and similarly situated members of the putative class; and

h.  Whether DEFENDANTS owe waiting time penalties to separated PLAINTIFFS such as PLAINTIFFS Mark Sibayan and Thelma Yamido and similarly situated putative class members for failure to provide the compensations described herein.

21.    **Typicality:** PLAINTIFFS' claims are typical when compared to the potential claims of all putative class members. PLAINTIFFS complain of the same exact types of violations allegedly suffered by the putative class. The main differences only relate to the extent

6

1   of damages suffered. PLAINTIFFS are members of the putative class and have suffered the

2   alleged, class-wide violations described herein.

3

## IV.  STATEMENT OF FACTS

4

5   22.    PLAINTIFFS and putative class members are current or former employees

assigned to different departments at DEFENDANTS' location at 810 Malcolm Road, Burlingame,

6   CA 94014 ("Malcolm Rd. location").

7   23.    PLAINTIFF Elias Yamido ("ELIAS") is a current full-time porter assigned to the

8   warehouse/dish room department. He started working for DEFENDANTS on or about August 12,

9   2016.

10   24.    As a porter, PLAINTIFF ELIAS performs work on the 1st and 2nd floors of the

11   main building at the Malcolm Rd. location. On the 2nd floor, PLAINTIFF ELIAS covers the

12   following areas: the cafeteria, offices, and the men's and ladies' rest rooms.  On the ground floor,

13   PLAINTIFF ELIAS works in the kitchen, storage, and dumpster area. PLAINTIFF ELIAS

14   performs various tasks: detailed cleaning of the men's and ladies' rest rooms; replenishing

15   supplies, picking up cooked food from the kitchen to take up to the cafeteria to be served, picking

16   up from the dishwashing room fresh plates, utensils, and trays to be used in the cafeteria, clean

17   and keep tidy 17 tables in the cafeteria after every use; vacuum floors of 6 offices; and clean the

18   warehouse. During his shift, PLAINTIFF ELIAS is the only porter charged with these tasks. The

19   porter who takes over for PLAINTIFF ELIAS after his shift covers the same areas and performs

20   the same tasks.

21   25.    PLAINTIFF Mark Sibayan ("SIBAYAN") is a former full-time beverage

22   assembler assigned to the assembly/equipment liquid set up department. He worked for

23   DEFENDANTS from on or about June 11, 2016, up to December 23, 2016.

24   26.    As beverage assembler, PLAINTIFF SIBAYAN worked at different beverage

25   assembly areas in the main building at the Malcolm Rd. location. The assembly areas are in the

26   basement and 2nd floor, while the transportation area to load the assembled beverage carts and

27   boxes is on the 1st floor. For each shift, there are 2-3 beverage assemblers.  At the start of their

28   shifts, beverage assemblers are given airline assignments which determine the number of

7

beverage carts and boxes to prepare (approximately between 25 to 50) and the location of the assembly areas to work at. PLAINTIFF SIBAYAN and his fellow assemblers gathered clean carts that they need from the dishwashing area on the 2nd floor. With 25 to 50 carts in tow, PLAINTIFF SIBAYAN and similarly situated putative class members proceeded to the designated assembly area for the day. After assembling, PLAINTIFF SIBAYAN took the assembled carts and boxes to the transportation areas on the ground floor for loading to delivery trucks.

27.     PLAINTIFF Thelma Yamido ("THELMA") is a former full-time station attendant (food preparer) assigned to the food production department. PLAINTIFF THELMA worked for DEFEDANTS from on or about August 12, 2016, up to on or about May 24, 2017.

28.     As a food preparer, PLAINTIFF THELMA worked primarily at the food production area located on the ground floor of the main building at the Malcolm Rd. location. In her shift, PLAINTIFF THELMA worked with about 50 food preparers, each tasked with preparing 15-20 trays of food consisting of a main course, salad, fruits, and dessert. At the start of their shifts, food preparers attend daily meetings where they are given the menu for the day. After the meeting, PLAINTIFF THELMA gathered fresh trays and plates from the dishwashing room on the 2nd floor to use in preparing food. PLAINTIFF THELMA then procured frozen entrées and raw materials (such as vegetables and fruits and other ingredients) from the freezer area/pantry and starts preparations (*i.e.*, thawing and microwaving of frozen entrées, cooking and baking, peeling and slicing of vegetables and fruits). Throughout the food preparation, PLAINTIFF THELMA and similarly situated putative class members worked on their feet. After finishing their assigned 15-20 trays, PLAINTIFF THELMA and the other food preparers are required to assist others if they are behind and need to finish.  Because of their hectic work schedules.

29.   DEFENDANTS, as a matter of policy and practice, utilize a rounding system to calculate the daily compensation owed to PLAINTIFFS and putative class members. DEFENDANTS' use of rounding operates to underpay putative class members in the aggregate and is therefore unlawful. PLAINTIFFS and putative class members are owed wages at regular and overtime rates because of DEFENDANTS' unlawful rounding policy and practice.

8

30.     Due to their heavy workload (*i.e.*, numerous tasks sometimes to be performed at multiple locations), hectic assignments (*i.e.*, multiple airlines to prepare food and beverage for), shorthandedness of staff (*i.e.*, there are no relievers to cover employees who need to go on meal period or rest period) and other constricting situations (*i.e.*, if food is ready in the cafeteria or if the cafeteria itself is already open), PLAINTIFFS and putative class members are not able to take their meal periods in a timely, complete, and proper manner.  DEFENDANTS had no policy to pay PLAINTIFFS and putative class members meal period compensation.

31.     PLAINTIFFS and putative class members do not get their rest periods for the same reasons listed above regarding meal period violations: their workloads are heavy; their work assignments are hectic, and the staff is almost always shorthanded. PLAINTIFFS and putative class members barely have time to take restroom breaks, let alone take full meal periods and rest breaks. DEFENDANTS did not have a policy to pay PLAINTIFFS and putative class members rest break compensation.

32.     The wage statements issued by DEFENDANTS are inaccurate because of the rounding policy and practice and because the additional compensation due to PLAINTIFFS and putative class members for meal and rest period violations are not reflected in the wage statements.

33.     PLAINTIFFS and similarly putative class members started working for DEFENDANTS after July 1, 2015 and have worked for DEFENDANTS for 30 or more days within a year from the commencement of their employment.  In view of these, PLAINTIFFS and similarly situated putative class members are entitled to paid sick days. However, DEFENDANTS failed to provide PLAINTIFFS and putative class members paid sick leaves.

34.     The nature of PLAINTIFF THELMA'S work reasonably permitted use of seats. However, throughout PLAINTIFF THELMA'S shift, she and similarly situated current and former food preparers stand while working. DEFENDANTS failed to reasonably permit PLAINTIFF THELMA and similarly situated putative class members to use seats while working.

35.     Putative class members who are no longer employed by DEFENDANTS, like PLAINTIFS SIBAYAN and THELMA, are owed waiting time penalties because upon their

9

separation, they were not paid all the monies and compensations owed to them including wages, overtime compensation, and meal and rest period compensations.

### V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

#### (Unpaid Wages)

By PLAINTIFFS and Putative Class Members against DEFENDANTS

36.    PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

37.    Pursuant to Wage Order No. 5 and Labor Code §§ 204, 500 and 1194, DEFENDANTS are required to compensate PLAINTIFFS and putative class members for all hours worked.

38.    As a result of DEFENDANTS' unlawful rounding policy, DEFENDANTS have failed to pay PLAINTIFFS and putative class members for all hours worked.

39.    PLAINTIFFS request relief as described below.

### SECOND CAUSE OF ACTION

#### (Unpaid Overtime Compensation)

By PLAINTIFFS and Putative Class Members against DEFENDANTS

40.    PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

41.    As a result of DEFENDANTS' unlawful rounding policy, PLAINTIFFS and putative class members have been deprived overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, under Labor Code § 1194.

42.    Pursuant to Wage Order No. 5 and Labor Code §§ 500, 510, and 1194, PLAINTIFFS and putative class members are owed overtime compensation for all overtime hours work.

43.    PLAINTIFFS request relief as described below.

10

## THIRD CAUSE OF ACTION

### *(Failure to Pay Compensation for Meal Period Violations)*

By PLAINTIFFS and Putative Class Members against DEFENDANTS

44.   PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

45.   Pursuant to Labor Code § 226.7(a) and Wage Order No. 5, DEFENDANTS are required to authorize and permit employees such as PLAINTIFFS and putative class members uninterrupted meal periods of 30 minutes for work periods exceeding 5 hours and a second uninterrupted meal period of 30 minutes for work periods exceeding 10 hours. Furthermore, meal periods must be provided in a timely fashion.

46.   DEFENDANTS fail and refuse to authorize or permit PLAINTIFFS and putative class members adequate 30-minute meal periods in violation of Labor Code § 226.7(a) and Wage Order No. 5.

47.   DEFENDANTS further violate the aforementioned California statutes and orders by failing to pay PLAINTIFFS and putative class members one (1) hour of pay at their regular rate of pay for each work day that meal periods were required but not provided.

48.   DEFENDANTS have no established policy or practice to track meal period violations or to pay meal period compensation when required

49.   PLAINTIFFS request relief as described below.

## FOURTH CAUSE OF ACTION

### *(Failure to Pay Compensation for Rest Period Violations)*

By PLAINTIFFS and Putative Class Members against DEFENDANTS

50.   PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

51.   Pursuant to Labor Code § 226.7(a) and Wage Order No. 5, DEFENDANTS are required to authorize and permit employees such as PLAINTIFFS and putative class members the opportunity to take rest periods based upon total hours worked, at a rate of 10 minutes net rest time per 4 hours worked or major fraction thereof, with no deduction from wages.

11

52. DEFENDANTS fail and refuse to authorize, and permit PLAINTIFFS and putative class members 10-minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of Labor Code § 226.7(a) and Wage Order No. 5.

53. DEFENDANTS violated Labor Code § 226.7(a) and Wage Order No. 5 by failing to pay PLAINTIFFS and putative class members one (1) hour of pay at their regular rate of pay for each work day rest periods are required but not provided.

54. DEFENDANTS have no established policy or practice to track rest period violations or to pay rest period compensation when required

55. PLAINTIFFS request relief as described below.

## FIFTH CAUSE OF ACTION

### *(Wage Statement Violations)*

By PLAINTIFFS and Putative Class Members against DEFENDANTS

56. PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

57. DEFENDANTS fail to issue PLAINTIFFS and putative class members accurate itemized wage statements that properly and accurately itemize the number of hours worked and the actual payment due in violation of Labor Code § 226(a) and Wage Order No. 5.

58. DEFENDANTS knowingly and intentionally fail to comply with Labor Code § 226(a) and Wage Order No. 5 causing damages to PLAINTIFFS and putative class members.

59. These damages are difficult to estimate. Therefore, PLAINTIFFS elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred and $100.00 for each violation in subsequent pay periods, pursuant to Labor Code § 226(e), up to the statutory maximum amount of $4,000.00, plus reasonable attorneys' fees and costs.

60. PLAINTIFFS request further relief as described below.

///

///

///

///

12

## SIXTH CAUSE OF ACTION

### *(Failure to Provide Paid Sick Days)*

By PLAINTIFFS and Putative Class Members against DEFENDANTS

61.   PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

62.   Labor Code § 246 (a)(1) provides that "(A)n employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section."

63.   PLAINTIFFS and similarly situated putative class members started working for DEFENDANTS after July 1, 2015 and have continued working for DEFENDANTS for 30 or more days within a year from the commencement of their employment. PLAINTIFFS and similarly situated putative class members are therefore entitled to paid sick days.

64.   DEFENDANTS failed to provide paid sick days to PLAINTIFFS and similarly situated putative class members.

65.   PLAINTIFFS and putative class members request further relief as described below.

## SEVENTH CAUSE OF ACTION

### *(Failure to Reasonably Permit Use of Seats)*

By PLAINTIFF THELMA and Similarly Situated Putative Class Members

Against DEFENDANTS

66.   PLAINTIFF THELMA realleges and incorporates by reference the allegations of paragraphs above.

67.   Wage Order No. 5 § 14(A) provides that "(A)ll working employees shall be provided with suitable seats when the nature of work reasonably permits the use of seats."

68.   Throughout PLAINTIFF THELMA'S shift, she and similarly situated current and former food preparers were standing while working, while the nature of their work reasonably permitted the use of seats.

13

69.   DEFENDANTS failed to allow and provide PLAINTIFF THELMA and similarly situated current and former food preparers suitable seats in violation of Wage Order No. 5 §14.

70.   PLAINTIFFS request further relief as described below.

## EIGHTH CAUSE OF ACTION

### *(Waiting Time Penalties)*

By PLAINTIFFS SIBAYAN and THELMA and Similarly Situated Putative Class Members against DEFENDANTS

71.   PLAINTIFFS SIBAYAN and THELMA realleges and incorporates by reference the allegations of paragraphs above.

72.   PLAINTIFF SIBAYAN quit working for DEFENDANTS on or about December 23, 2016 while PLAINTIFF THELMA resigned on or about May 24, 2017.

73.   Labor Code § 201 requires an employer who discharges an employee to pay all compensation due to that employee immediately upon discharge.

74.   Labor Code § 202 requires an employer to pay all compensation due to employees who quit within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

75.   Labor Code § 203 provides that if an employer willfully fails to pay compensation as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

76.   DEFENDANTS willfully failed and refused to timely pay compensation to separated Plaintiff Reyes and putative class members at the end of their employment.

77.   As a result, DEFENDANTS are liable to PLAINTIFFS SIBAYAN and THELMA and similarly situated putative class members for waiting time penalties, together with interest thereon under Labor Code § 203.

///

///

///

14

## NINTH CAUSE OF ACTION

*(Civil Penalties Pursuant to Private Attorney General Act)*

(Labor Code §§ 2698, *et seq.*)

By PLAINTIFFS and Putative Class Members Against DEFENDANTS

78.   PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

79.   Pursuant to the PAGA, the foregoing violations of statutes and regulations permit PLAINTIFFS to recover civil penalties through this action.  The PAGA imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred ($200) per pay period per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

80.   DEFENDANTS' violations of California wage and hour laws enable PLAINTIFFS to recover civil penalties as aggrieved employees on behalf of themselves and other current and former employees of DEFENDANTS.

81.   PLAINTIFFS have complied with the procedural requirements specified in Labor Code §2699.3.  PLAINTIFFS have therefore exhausted all administrative procedures required under Labor Code §§2698, 2699 and 2699.3, and are justified as a matter of right in bringing forward this cause of action.

82.   On August 1, 2018, PLAINTIFFS, through counsel, pursuant to the PAGA, sent via certified mail a letter-notice of violations to the LWDA, as required by Labor Code §2699.3. A copy of this letter-notice is attached to this Complaint as *Exhibit "A."*

83.   Sixty-five (65) calendar days have passed since the postmark date of PLAINTIFFS' notices and the LWDA has not notified PLAINTIFFS' counsel that it does not intend to investigate the allegations. Pursuant to Labor Code §2699.3 (a)(2)(A), PLAINTIFFS may commence a civil action pursuant to Labor Code §2699.

84.   As a result of DEFENDANTS' violation of numerous provisions of the Labor Code, PLAINTIFFS seek all civil penalties, reasonable attorney's fees and costs available pursuant to Labor Code §2699.

15

85.   PLAINTIFFS are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to further prove penalties and violations. PLAINTIFFS will amend this complaint if appropriate and required to seek all applicable penalties for violations which the LWDA has failed to investigate and/or failed to issue a citation.

86.   Pursuant to Labor Code §2699(i), PLAINTIFFS, as aggrieved employees on behalf of themselves and other current and former employees of DEFENDANTS, should be awarded twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs.  The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded.

## TENTH CAUSE OF ACTION

*(Unfair Competition in Violation of Cal. Business and Professions Code §§ 17200 et. seq.)*

By PLAINTIFFS and Putative Class Members

against DEFENDANT FLYING FOOD GROUP, LLC

87.   PLAINTIFFS reallege and incorporate by reference the allegations of paragraphs above.

88.   Bus. & Prof. Code § 17200, *et seq.* prohibit acts of unfair competition including any "unlawful and unfair business practices."

89.   The conduct of DEFENDANT FFG, as alleged herein, has been and continues to be unfair, unlawful, and deleterious to PLAINTIFFS and putative class members and to the general public.

90.   PLAINTIFFS hereby seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5. PLAINTIFFS are "persons" within the meaning of Bus. & Prof. Code § 17204 and therefore have standing to bring this suit for injunctive relief and restitution.

91.   The prompt and proper payment of wages is a fundamental public policy of the State of California. It is also the public policy of the State to enforce minimum labor standards ensuring that employees are not required or permitted to work under substandard and unlawful

16

1  conditions and to protect those employers who comply with the law from losing competitive

2  advantage to other employers that fail to comply with labor standards and requirements.

3       92.    Through the conduct alleged herein, DEFENDANT FFG acted contrary to these

4  public policies and have thus engaged in unlawful and/or unfair business practices in violation of

5  Bus. & Prof. Code §§ 17200, *et seq.* depriving PLAINTIFFS and putative class members the

6  rights, benefits, and privileges guaranteed to employees under California law.

7       93.    DEFENDANT FFG regularly and routinely violated the statutes and regulations

8  referenced herein with respect to PLAINTIFFS and its other employees.

9       94.    By engaging in these business practices, which are unfair and unlawful within the

10  meaning of Bus. & Prof. Code §§ 17200 et. seq., DEFENDANT FFG harms PLAINTIFFS and

11  putative class members and the general public and have gained an unfair competitive edge.

12       95.    Under Bus. & Prof. Code § 17203, PLAINTIFFS are entitled to obtain restitution

13  on behalf of putative class members similarly affected by the unfair and/or unlawful business

14  practices as set forth herein.

15       96.    Pursuant to Bus. & Prof. Code § 17202, PLAINTIFFS are entitled to specific relief

16  enforcing the penalty provisions of various Labor Code sections for themselves and for members

17  of the general public in amounts to be proven at trial. Failure to enforce the penalties due would

18  result in the unlawful enrichment of DEFENDANT FFG and would promote unfair competition.

19       97.    Pursuant to Bus. & Prof. Code § 17203, injunctive relief is necessary to prevent

20  DEFENDANT FFG from continuing to engage in the unfair business practices as alleged herein.

21       98.    PLAINTIFFS allege, on information, and belief that DEFENDANT FFG and

22  persons acting in concert with them, have committed and will continue to commit the above-

23  described unlawful and/or unfair acts unless restrained or enjoined by this Court. Unless the relief

24  prayed for below is granted, a multiplicity of actions will result. PLAINTIFFS and other

25  interested persons have no plain, speedy, or adequate remedy at law, in that pecuniary

26  compensation alone would not afford adequate and complete relief. The above-described acts will

27  cause great and irreparable damage to PLAINTIFFS and other interested persons unless

28  DEFENDANT FFG is restrained from committing further illegal acts.

17

---

99.   PLAINTIFFS' success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated in this Complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. The named PLAINTIFFS individually, and by and through counsel, are incurring a financial burden in pursuing this action on behalf of the general public. PLAINTIFFS seek to enjoin the above-referenced unlawful actions under California's Labor Code Industrial Welfare Commission Wage Orders. Therefore, PLAINTIFFS seek an award of attorneys' fees and costs of suit on this Cause of Action pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFFS on their own behalf and on behalf of the putative class members, respectfully pray for judgment as follows:

1. For an order certifying the proposed class;

2. For compensatory and consequential damages, according to proof;

3. Pursuant to Wage Order No. 5 and Labor Code §§ 510 and 1194(a), an award in the amount of unpaid wages and overtime compensation owed by DEFENDANTS for the four (4) years preceding the filing of this complaint, plus interest;

4. For compensation of one (1) hour at the regular rate of pay for each day meal periods and/or rest periods were denied in violation of Labor Code § 226.7 and Wage Order No. 5, according to proof;

5. DEFENDANTS be ordered to show cause why they should not be enjoined and ordered to comply with Wage Order No. 5 related to meal and rest periods; and for an order enjoining and restraining DEFENDANTS and their agents, servants and employees from further violating Wage Order No. 5;

6. For unpaid sick days in violation of Labor Code § 446, according to proof;

7. For civil penalties provided for in Labor Code § 1199 for violation of Wage Order No. 5 § 14(A);

18

8.  For statutory damages according to proof including wage statement violations pursuant to Labor Code § 226(a) and Wage Order No. 5;

9.  DEFENDANTS be ordered to show cause why they should not be enjoined and ordered to comply with Wage Order No. 5 related to record keeping for DEFENDANTS' employees related to same; and for an order enjoining and restraining DEFENDANTS and their agents, servants and employees from further violating Wage Order No. 5;

10.  For waiting time penalties pursuant to Labor Code §§ 201-203;

11.  Statutory penalties under Labor Code § 558;

12.  Pursuant to Bus. & Prof. Code § 17203, an award of restitution for the unjustly amounts earned or retained DEFENDANTS by virtue of their engaging in unlawful conduct, according to proof;

13.  An award of twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs to PLAINTIFFS as aggrieved employees on behalf of themselves and other current and former employees of DEFENDANTS, pursuant to Labor Code §2699(i) and an award of seventy-five percent (75%) of the penalties in favor of the LWDA;

14.  For an injunction to prohibit DEFENDANT FFG to engage in the unfair business practices complained of herein;

15.  For pre-judgment interest as allowed by Labor Code § 218.6 and Civil Code § 3287;

16.  For reasonable attorney's fees and costs made payable to the Liberation Law Group, P.C., pursuant to applicable laws;

17.  For such other and further relief as the Court deems just and proper.

Dated: December 14, 2018                    LIBERATION LAW GROUP, P.C.


By: _____
                    Arlo Garcia Uriarte
                    Attorneys for Plaintiffs

19

Class Complaint: *Elias Yamido, Mark Sibayan and Thelma Yamido v. Flying Food Group, LLC*

1

## JURY DEMAND

2

3    PLAINTIFFS hereby demand a trial by jury.

4    DATED: December 14, 2018                 LIBERATION LAW GROUP, P.C.

5

6                                      By: _____

7                                          Arlo Garcia Uriarte
                                           Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Complaint: *Elias Yamido, Mark Sibayan and Thelma Yamido v. Flying Food Group, LLC*

# EXHIBIT A



Arlo García Uriarte
Un Kei Wu
Ernesto Sánchez
Daniel P. Iannitelli
Jonathan S. Rebong
Nick Aguilar, Adm. in Fla.
Alejandro Quiroz, Adm. in CR
Luiseth Contreras, Adm. in VZ
Elizabeth Lyons, JD Candidate

**LIBERATION**
**LAW GROUP, P.C.**

Legal Assistants:
Andrea Ortiz
Lorenzo Barrera Cruz
Vicent Uriarte
Ivette Olguin
Mariana Toledo Segarra
Crystina Arreola-Nunez
Data Analyst:
Kristoffer Solomon

2760 Mission Street · San Francisco, CA 94110 · (415) 695 – 1000 · (415) 695-1006 FAX

August 1, 2018,

**VIA ELECTRONIC SUBMISSION**

Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612
PAGA@dir.ca.gov

Re:   *Elias Yamido, Mark Sibayan and Thelma Yamido v.*
      *Flying Food Group, LLC*

Dear PAGA Administrator:

Pursuant to California Labor Code's Private Attorneys General Act of 2004, Plaintiffs Elias Yamido, Mark Sibayan, and Thelma Yamido (collectively, "Plaintiffs") apply to recover civil penalties against Defendant Flying Food Group, LLC ("Defendant") through a civil action brought on behalf of themselves and other current and former aggrieved employees of Defendant.

Attached is a list of violations relevant to the aforementioned action. Plaintiffs will send updated notice should further investigation shed light on new violations or further light on the violations described herein. Please consider this letter as the notice required by Labor Code Section 2699.3.

Very truly yours,

Arlo Garcia Uriarte

Enclosure

cc:   Flying Food Group LLC
      5559 S Archer Avenue
      Chicago, IL 60638

## Labor Code § 2699 Notice of Violations

Plaintiff Elias Yamido ("Plaintiff Elias") is a current employee of Defendant Flying Food Group, LLC ("Defendant"). He started working for Defendant in or around March 2016. Plaintiff Elias has been employed by Defendant as a full-time porter/maintenance person. Plaintiff Mark Sibayan ("Plaintiff Sibayan") is a former employee of Defendant. He worked as beverage assembler from in or around December 2016 until approximately December 2017. Plaintiff Thelma Yamido ("Plaintiff Thelma") is also a former employee of Defendant. She worked as food preparer from in or around May 2016 through approximately June 2017.

Defendant committed and continues to commit the following wage and hour violations of California's Labor Code and Industrial Welfare Commission ("IWC") Wage Order No. 1. The violations described below have occurred to the detriment of Plaintiffs and other similarly situated employees.

(1) Defendant failed to pay Plaintiffs and similarly situated employees their wages for all hours worked, including overtime compensation, in violation of Labor Code §§ 204, 500 & 510, and IWC Wage Order No.1 §3. Defendant has utilized the following policies/practices: (1) rounding off and/or shaving of time worked; and (2) requiring unpaid off-the-clock work. Both have resulted in the nonpayment of wages, including overtime compensation. Plaintiffs request that they and similarly situated employees be awarded all applicable damages and civil penalties under the law including those listed in Labor Code §1194.2(a) and IWC Wage Order No. 1.

(2) Defendant denied Plaintiffs and similarly situated employees proper, timely, and complete off-duty meal periods in violation of by Labor Code §§ 226.7, 512, and IWC Wage Order No. 1 §11(A). Due to the volume of Plaintiffs' tasks, their hectic schedule, and lack of reliever employees, they are/were not able to take timely, proper, and complete off-duty meal periods. Additionally, Defendant does not have a policy and/or practice in place for providing meal period compensation to its employees. This violates Labor Code §§ 226.7 and 512 and IWC Wage Order No. 1 §11(D). Plaintiffs request that they and similarly situated employees be awarded all applicable damages and civil penalties including those pursuant to Labor Code §§ 558, 226.7(c), and IWC Wage Order No. 1 §11(D).

(3) Defendant also denied Plaintiffs and similarly situated employees adequate rest breaks. Due to their work volume, hectic work schedule, and lack of reliever employees, Plaintiffs are/were not able to take rest breaks. This is in violation of Labor Code § 226.7 and IWC Wage Order No. 1 §12(A). Additionally, Defendant does not have a policy and/or practice in place for providing rest break compensation. This violates Labor Code §§ 226.7 and IWC Wage Order No. 1 §12(B). Plaintiffs request that they and similarly situated employees be awarded all applicable damages and civil penalties pursuant to Labor Code §§ 558, 226.7(c), and Wage Order No. 1 §12(B).

(4) As a result of Defendant's failure to pay Plaintiffs and similarly situated employees their correct wages for all hours worked, including overtime compensation and premium compensations due for missed meal periods and rest breaks, the wage statements issued by Defendant to Plaintiffs and similarly situated employees are/were not accurate, in violation of Labor Code § 226 and IWC Wage Order No. 1 §7. Plaintiffs and similarly situated employees request that they be awarded statutory penalties pursuant to Labor Code § 226.3 and § 226(e).

(5) Throughout Plaintiff Thelma Yamido's shift, she and similarly situated current and former food preparers were standing while working. Plaintiff Thelma Yamido's and similarly situated current and former food preparers' nature of work reasonably permitted the use of seats, but Defendant did not allow them to use seats while preparing food on a work table while standing. In view of this, Defendant failed to allow and provide Plaintiff Thelma Yamido and similarly situated current and former food preparers suitable seats in violation of IWC Wage Order No. 1 §14.

(6) Defendant failed to pay Plaintiffs Mark Sibayan and Thelma Yamido similarly situated former employees of Defendant, all wages due, including unpaid regular and overtime hours worked, and meal period and rest break premiums, immediately at the time of their discharge or within seventy-two (72) hours of their resignation, in violation of Labor Code §§ 201 and 202. Plaintiffs Mark Sibayan and Thelma Yamido and similarly situated former employees of Defendant request that they be awarded statutory penalties pursuant to Labor Code §203 and IWC Wage Order No. 1.

Pursuant to Labor Code § 2699, Plaintiffs seek to recover all applicable civil penalties, including those listed in IWC Wage Orders, Labor Code §§ 558 and 2699(f) from Defendant for the aforementioned violations of the Labor Code and IWC Wage Order No. 1.

1 Arlo Garcia Uriarte, SBN 231764
2 Un Kei Wu, SBN 270058
  Ernesto Sanchez, SBN 278006
3 Daniel P. Iannitelli, SBN 203388
  Jonathan S. Rebong, SBN 235683
4 LIBERATION LAW GROUP, P.C.
  2760 Mission Street
5 San Francisco, CA 94110
  Telephone: (415) 695-1000
6 Facsimile: (415) 695-1006
7
  Attorneys for Plaintiffs
8 ELIAS YAMIDO, MARK SIBAYAN
  and THELMA YAMIDO
9

**FILED**
SAN MATEO COUNTY

DEC **1 8** 2018

Clerk of the Superior Court
By _____
DEPUTY CLERK

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11           COUNTY OF SAN MATEO – UNLIMITED JURISDICTION

12

13 | ELIAS YAMIDO, MARK SIBAYAN

CLASS ACTION    **BY FAX**

14 and THELMA YAMIDO, on behalf of
   themselves, others similarly
15 situated and the general public,

Case No.: 18-CIV-06696

16           Plaintiffs,

**PLAINTIFFS' STATEMENT RE:
COMPLEX CASE DESIGNATION**

17    vs.

18 FLYING FOOD GROUP, LLC and
   DOES 1-10, inclusive,

Complaint Filed: December 14, 2018

19

20           Defendants.

18–CIV–06696
STMT
Statement
1553562

21
22
23
24
25
26
27
28

           PLAINTIFFS' STATEMENT RE: COMPLEX CASE DESIGNATION

1

3/14

**TO THE COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Elias Yamido, Mark Sibayan, and Thelma Yamido hereby request complex designation for this matter pursuant to California Rule of Court 3.400, *et seq.* and Local Rule 2.30 of the Local Court Rules of the Superior Court, County of San Mateo.

## I. BACKGROUND

Plaintiffs filed a putative class action alleging Defendants' failure to: (1) failure to pay all hours worked; (2) failure to pay overtime compensation; (3) failure to pay compensation for meal period violations; (4) failure to pay compensation for rest period violations; (5) wage statement violations; (6) failure to provide paid sick days; (7) failure to reasonably permit use of seats; (8) waiting time penalties; (9) violations of the private attorney general act, cal. lab. code §§ 2698, et seq; and (10) unfair competition in violation of cal. bus. and prof. code §§ 17200 et seq.

## II. BASIS FOR DESIGNATION

Local Rule 2.30(B) states "an action is provisionally a complex case if it involves one or more of the following types of claims:...(6) claims involving class actions[.]" Furthermore, it states "[t]he Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in California Rules of Court, Rule 3.400, subdivision (a)."

Therefore, Plaintiffs now request complex designation under California Rules of Court Rule 3.400, *et seq.*, on the following grounds:

(1) Complexity of anticipated factual and/or legal issues. Plaintiffs submit that due to the various wage and hour causes of action alleged on a putative class basis, the Parties will face complex legal issues regarding the application of the labor code. The Parties will dispute whether Defendants adhered to the Labor Code not just as to Plaintiffs but as to a large group of current and former employees. In turn, class certification issues must be looked at which will entail voluminous discovery to fully investigate Plaintiffs' putative class and PAGA claims.

(2) Numerous pretrial motions that will be time-consuming to resolve. Plaintiffs anticipate that their class certification motion will be a time-consuming endeavor because of the discovery

**PLAINTIFFS' STATEMENT RE: COMPLEX CASE DESIGNATION**

required.

(3) Management of a large number of witnesses or a substantial amount of documentary evidence. Plaintiffs believe the putative class consists of over 500 people. This means a large number of witnesses must be consulted to further investigate Plaintiffs' putative class claims. Defendants presumably possess extensive payroll, timekeeping, and other records relevant to the putative class. Plaintiffs will request these in discovery, which will be a time consuming process that may involve disputes that could require Court intervention.

(4) Substantial post-judgment judicial supervision will be required if Plaintiffs prevail as a certified class.

As indicated by Rule 3.400, this is the type of case which requires complex case management to avoid placing unnecessary burdens on the Court and litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the Court and litigants.

## III.  CONCLUSION

Based on the above-stated supporting information, there is reasonable basis for the complex case designation. Therefore, Plaintiffs request that the Court designate this case as a complex matter under California Rule of Court 3.400, *et seq.* and Local Rule 2.30 of the Local Court Rules of the Superior Court, County of San Mateo.

Dated:  December 17, 2018                    LIBERATION LAW GROUP, P.C.


Arlo Garcia Uriarte
Jonathan S. Rebong
Attorneys for PLAINTIFFS

PLAINTIFFS' STATEMENT RE: COMPLEX CASE DESIGNATION

3

## NOTICE OF CASE MANAGEMENT CONFERENCE

_Elias Vamido, et al_

vs.

_Flying Food Group, LLC_

Case No: ~~18CIV06696~~

**ENDORSED FILED**
**SAN MATEO COUNTY**
DEC 1 4 2018
Clerk of the Superior Court
By: ANTONIO R. GERONIMO
Deputy Clerk

Date: _____ APR 17 2019

Time 9:00 a.m.

Dept. _____ --on Tuesday & Thursday

Dept. _11_ --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

**FILED**
SAN MATEO COUNTY

DEC 14 2018

Clerk of the Superior Cou
By
DEPUTY CLERK

| | |
|---|---|
| **ELIAS YAMIDO**<br>Plaintiff (s)<br><br>. vs.<br><br>**FLYING FOOD GROUP, LLC**<br>Defendant (s) | **Notice of Complex Case Status Conference**<br><br>Case No.: 18-CIV-06696     Date: 2/14/2019<br>Time:  9:00 AM<br>Dept. PJ |

Title: **ELIAS YAMIDO, ET AL  VS.  FLYING FOOD GROUP, LLC, ET AL**

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1. In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
   a. Serve copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
   b. **Give reason notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Complex Cause Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).  The Court shall treat a provisionally complex case action as a complex case until the Presiding Judge has the opportunities to decide whether the action meets the definition in CRC 3.400(a).

4. Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (C)), designating an action as a complex case in Items 1,2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues' (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

Rev. Jun. 2016

For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org

* Telephone appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, and
independent vendor, at least 5 business days prior to the scheduled conference.

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that I am the clerk of this court, not a party of this cause; that I served a copy of this notice on the below
date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this court
as set forth above, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the
United States Mail at Red wood City, California.

Date: 12/14/2018                                      Neal I. Taniguchi,
                                                      Court Executive Officer/Clerk

                                        By:        _____
                                                      Antonio Geronimo,
                                                      Deputy Clerk

Copies mailed to:

   ARLO URIARTE
   LIBERATION LAW GROUP PC
   2760 MISSION ST
   SAN FRANCISCO CA  94110

 CT Corporation

**Service of Process Transmittal**
12/20/2018
CT Log Number 534613500

TO:     Giselli Wilkins
        Flying Food Companies
        5333 S Laramie Ave Ste 220
        Chicago, IL 60638-3051

RE:     **Process Served in California**

FOR:    FLYING FOOD GROUP, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ELIAS YAMIDO, et al., Pltfs. vs. Flying Food Group, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Mateo County - Superior Court - Redwood City, CA<br>Case # 18CIV06696 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid Wages |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/20/2018 at 11:49 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Arlo Uriarte<br>Liberation Law Group, P.C<br>2760, Mission Street<br>San Francisco, CA 94110<br>415-695-1000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780110478504 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | National Registered Agents, Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / ST

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Packing Slip**

**CT Corporation**

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780110478504 |
| **Created By :** | Shivani Thakkar |
| **Created On :** | 12/21/2018 05:59 AM |
| **Recipient :** | |

**Giselli Wilkins**

| | |
|---|---|
| Title : | – |
| Customer : | Flying Food Companies |
| Address : | 5333 S Laramie Ave Ste 220 |
| Email : | jzhang@flyingfood.com |
| Phone : | 000-000-0000          Fax :    – |

**Package Type :** Envelope

**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 534613500 | 18CIV06696 | FLYING FOOD GROUP, LLC |

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 49

DEC 26 08:11:33



CT SOP CUSTOMER SERVICE
2149323601
CT - MINNESOTA SOP TEAM
6815 SAUKVIEW DR
SAINT CLOUD  MN 56303

**1.0 LBS    LTR         1 OF 1**

**SHIP TO:**
   GISELLI  WILKINS
   0000000000
   FLYING FOOD COMPANIES
   5333 S LARAMIE AVE STE 220
   **CHICAGO   IL 60638**



# IL 604 9-03



1266418

38

## UPS NEXT DAY AIR          **1**
TRACKING #: 1Z X21 278 01 1047 8504



BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/2401130/534613500/CT SOP Custo

XOL 18.11.08    NV95 06.0A 10/2018.



Origin: Wolters Kluwer UPS 562130